PER CURIAM.
Appellant Nolte filed this action to quiet title under § 6-6-540, Code of Alabama 1975. Appellees (Wynn and others) filed an answer and counterclaim seeking to quiet title against Nolte under the same statute. The court, after a hearing, denied Nolte’s claim and quieted title in Wynn. Nolte appealed. We affirm.
The property was sold for taxes to Harry Wynn on June 8, 1970, following a decree ordering the same sold for taxes due from Annie Case Carter dated April 13, 1970. Section 40-10-11, Code of Alabama 1975. Thereafter on July 27, 1973, a deed conveying the property to Wynn was duly executed by the Judge of Probate and recorded, § 40-10-29, Code, infra.
Nolte’s claim of title derives from a deed executed on November 22,1977, by Howard and Rita Weinacker.
The present appellees claim title through Wynn via a quitclaim deed dated September 4, 1973.
The parties stipulated as to the validity of the tax deed to Wynn, and Nolte did not challenge the validity of the proceedings leading up to the tax deed. The record is silent as to Weinacker’s predecessor in title. There was no evidence of any redemption or attempt to redeem the land. The period for redeeming is fixed by statute. Section 40-10-120, Code, provides, in part:
“Real estate which hereafter may be sold for taxes and purchased by the state may be redeemed at any time before the title passes out of the state or, if purchased by any other purchaser, may be redeemed at any time within three years from the date of the sale by the owner, his heirs or personal representatives,
*803 Under § 40-10-29, the tax deed vested title in Wynn, the purchaser, subject to the right of redemption granted in § 40-10-120.
“After the expiration of three years from the date of the sale of any real estate for taxes, the judge of probate then in office must execute and deliver to the purchaser, other than the state, or person to whom the certificate of purchase has been assigned, upon the return of the certificate and payment of a fee of $1.00 to the judge of probate, a deed to each lot or parcel of real estate sold to the purchaser and remaining unredeemed, including therein, if desired by the purchaser, any number of parcels, or lots purchased by him at such sale; and such deed shall convey to and vest in the grantee all the right, title, interest and estate of the person whose duty it was to pay the taxes on such real estate and the lien and claim of the state and county thereto, but it shall not convey the right, title or interest of any reversioner or remainderman therein.”
Code of Alabama 1975, § 40-10-29.
The right of redemption was never exercised. Nolte, therefore, acquired color of title only by the 1977 deed and could not acquire title by adverse possession short of ten years after acquiring color of title.
The decree appealed from is due to be and the same is affirmed.
AFFIRMED.
All the Justices concur.